GEORGE A. TILLERY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tillery v. Commissioner
Docket No. 18972-90
United States Tax Court
T.C. Memo 1993-185; 1993 Tax Ct. Memo LEXIS 180; 65 T.C.M. (CCH) 2506; April 26, 1993, Filed *180 George A. Tillery, pro se. For respondent: June Y. Bass. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion for summary judgment, filed March 8, 1993, pursuant to Rule 121. [1] Respondent seeks summary judgment against petitioner on the issues of the deficiencies and additions to tax for taxable years 1984, 1985, and 1986. Respondent's motion is based on respondent's request for admissions deemed admitted pursuant to Rule 90(c). Petitioner resided in Oceanside, California, when he filed his petition. Background
Respondent determined deficiencies and additions to tax for petitioner's 1984, 1985, and 1986 tax years as follows: Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
1984
$ 4,614
$ 1,153.50
$ 230.70
1985
12,934
3,232.75
646.70
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
1986
$ 5,924
$ 1,481   $ 296.20
*181 Year
Sec. 6653(a)(2)
Sec. 6654(a)
1984
50 percent of
$ 290
the interest
due on $ 4,614
1985
50 percent of
740
the interest
due on $ 12,934
Year
Sec. 6653(a)(1)(B)
Sec. 6654(a)
1986
50 percent of the
$ 286
interest due on
$ 5,924
On August 23, 1990, petitioner filed a petition with this Court alleging that respondent erred in determining the deficiencies and additions to tax set forth in the deficiency notice. Respondent timely filed an answer on October 22, 1990. On December 18, 1992, respondent served petitioner with a request for admissions by mailing it to petitioner's address as shown on the petition. Petitioner filed no response to respondent's request for admissions, and consequently, each matter asserted therein is deemed admitted pursuant to Rule 90(c). [2] We incorporate those admissions herein by this reference. The essence of petitioner's deemed admissions is set forth as follows. *182 During the taxable year 1984, petitioner received gross income from dividends and the sales of stocks/bonds as follows: Payor
Type of Income
Amount
Broadcort Capital Corp.
Proceeds from sale
$ 12,585
of stocks/bonds
Merrill Lynch Pierce
Proceeds from sale
9,372
Fenner & Smith
of stocks/bonds
Broadcort Capital Corp.
Dividends
208
The Trust Company of
Dividends
880
New Jersey
Calfed Inc.
Dividends
16
During the taxable year 1985, petitioner received gross income as follows: Payor
Type of Income
Amount
Broadcort Capital Corp.
Proceeds from sale
$ 33,511
of stocks/bonds
Merrill Lynch Pierce
Proceeds from sale
9,976
Fenner & Smith
of stocks/bonds
Broadcort Capital Corp.
Dividends
272
Merrill Lynch Pierce
Dividends
113
Fenner & Smith
The Trust Company of
Dividends
338
New Jersey
The Trustcompany
Dividends
32
Bancorporation
During the taxable year 1986, petitioner received gross income as follows: Payor
Type of Income
Amount
Merrill Lynch Pierce
Proceeds from sale
$ 27,323
Fenner & Smith
of stocks/bonds
Merrill Lynch Pierce
Dividends
164
Fenner & Smith
Petitioner did not file Federal income tax returns for taxable *183 years 1984, 1985, or 1986. Petitioner had no reasonable cause for failing to file his Federal income tax returns for the years in issue. Petitioner was negligent and intentionally disregarded rules and regulations in failing to file Federal income tax returns for the years in issue. Based on the foregoing, respondent filed the instant motion for summary judgment. By Order dated March 10, 1993, we directed petitioner to file a response to respondent's motion on or before April 12, 1993. Petitioner has not filed a response in accordance with the Court's order. Discussion
Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings and admissions show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ; . Therefore, with regard to the substantive facts at issue in this case, we look to the allegations deemed admitted. The moving party bears the burden of proving that there is no genuine issue of material fact. . *184 With respect to the deficiencies and additions to tax pursuant to sections 6651(a)(1), 6653(a)(1) and (a)(2), [3] and 6654(a) respondent's determinations are presumed to be correct, and petitioner has the burden to establish that they are incorrect. Rule 142(a); . The factual assertions in the deemed admissions set forth omitted income for each of the years in issue and support respondent's deficiency determinations. We conclude that there is no genuine issue of material fact with respect to the deficiency determinations. Section 6651(a)(1) provides for an addition to tax for failure to file a return unless such failure is due to reasonable cause and not due to willful neglect. Petitioner is deemed to have admitted that he failed to file income tax returns for the years 1984, 1985, and 1986 without reasonable cause. Accordingly, we uphold respondent's determination *185 of additions to tax pursuant to section 6651(a) for the years in issue. Petitioner is also liable for additions to tax for negligence for the years in issue. For the years 1984 and 1985, section 6653(a)(1) provided for an addition to tax of 5 percent of the amount of any part of an underpayment of tax which is due to negligence or disregard of rules or regulations. Section 6653(a)(2) provided for an addition to tax of 50 percent of the interest due on that portion of any underpayment attributable to negligence. For the year 1986, section 6653(a)(1)(A) and (B) provided for the same additions to tax. Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085. Failure to file returns is prima facie evidence of negligence. , affd. . Petitioner also failed to pay taxes on his annual income for the years in issue. Petitioner is deemed to have admitted that he failed to file income tax returns for the years in issue, that he had no reasonable cause for failing to file these returns, and that such failures to file were due to negligence and intentional *186 disregard of the rules or regulations. Therefore, we uphold respondent's determination of the additions to tax for negligence for the years 1984, 1985, and 1986. Finally, respondent determined an addition to tax for failure to pay estimated income taxes pursuant to section 6654(a). Section 6654(a) provides that, in the case of any underpayment of estimated tax by an individual, there shall be added to the tax an amount determined by applying the underpayment rate established under section 6621, to the amount of the underpayment for the period of the underpayment. Petitioner is deemed to have admitted that he failed to pay estimated taxes during the years in issue. Accordingly, petitioner is liable for the addition to tax under section 6654 for the taxable years in issue. Respondent is entitled to judgment on all issues as a matter of law. . Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The request for admissions was returned by the United States Postal Service with the notation "moved left no address, unable to forward, return to sender". Petitioner has not notified the Court or respondent of any new address, nor has petitioner filed any subsequent returns showing a new address.↩
3. The addition to tax for negligence applicable to 1986 was sec. 6653(a)(1)(A) and (B).↩